M. ELLA DAVIDGE, APPELLEE, v. KATE TALBOT, APPELLANT.

FILED OCTOBER 16, 1915. No. 19072.

1. **Adverse Possession.** One who has been in exclusive, notorious possession of real estate for more than ten years acquires title thereto against all persons against whom he holds such possession adversely. If he claims the right of possession under a deed of conveyance, such possession will be adverse to the parties executing the deed, and the ten years' statute of limitations will run against such parties while the land is so held.

2. ———. In such case the statute will continue to run against one who has executed a valid deed of the premises under which the land is so held, although a later conveyance in the chain of title is found to be invalid.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*W. C. Fraser* and *Crofoot & Scott,* for appellant.

*Rosewater & Cotner, contra.*

SEDGWICK, J.

This action was submitted upon a case stated under rule 14 (94 Neb. XIII). Upon the trial in the court below, a decree was entered in favor of the plaintiff, quieting her title against the defendant, from which decree the defendant has appealed.

It appears that in January, 1889, the defendant and her husband executed and delivered to one J. W. Squires, as trustee, their mortgage deed of the premises in question to secure the payment of $1,700, and afterwards an action was begun to foreclose the mortgage, in which the defendant's husband was made a party defendant, but the defendant was not made a party. There was a decree entered foreclosing the mortgage. The premises were sold upon the decree and the sale confirmed, but no deed was ever executed to the purchaser. Soon after the execution of the mortgage, the defendant and her husband executed a warranty deed conveying the premises to Milon S. Lindsay, and in the following year, after the execution of the mortgage and the deed to Lindsay, Mr. Lindsay and wife conveyed the premises to Sherwood B. Davidge, as trustee, and soon afterwards the same parties executed a quitclaim deed to the Davidges. Mr. Davidge, claiming under the foreclosure of the mortgage and under these deeds, took possession of the premises more than ten years before this action was begun.

Some interesting questions are presented and discussed in the briefs in regard to the effect of the foreclosure pro-

98Neb.52

ceedings and the possession thereunder as barring the wife's inchoate dower, and in regard to the wife's right to redeem from the lien of the mortgage, but we do not find it necessary to rely upon or discuss those questions.

This defendant, as the wife of James Talbot, executed and delivered, as we have already said, a warranty deed of these premises, through which this plaintiff and her grantors claim the title and possession of the premises. This claim, of course, was adverse to all of the parties executing the warranty deed, and the plaintiff and her grantors had held notorious and exclusive possession under this adverse claim of right for more than ten years before this action was begun. The statute of limitations had clearly run upon this defendant's right, and the decree of the court quieting the title in the plaintiff must be affirmed.

It is said in the brief that one of the deeds in the plaintiff's chain of title was afterwards adjudged to be void, and it is contended that, for that reason, the plaintiff has not a good title under those deeds. This, of course, is true. One of the deeds in her chain of title being void, her title would fail, and might have been seasonably challenged for that reason, but this fact would not stop the running of the statute against this defendant who had executed a valid deed. It seems to be contended that the plaintiff's grantors knew that the deed which was executed by the defendant's grantee was invalid when they took possession of the premises, and that, knowing it to be void, they cannot be said to be claiming possession thereunder. If there is any merit in such a proposition (which we do not decide) it cannot have application in this case. If the defendant's deed was valid, she could not defeat plaintiff's possession because the deed of her grantee was invalid. If the plaintiff cannot be said to hold adversely to the party executing the invalid deed, she still holds adversely to the defendant, since she and her grantors could rely upon the defendant's deed in any claim made by her. The plaintiff and her grantors were in possession claiming under these deeds,

and their claim was adverse, at least, to all of the parties executing valid deeds.

The judgment of the district court is

AFFIRMED.